DUAL TIRED WHEEL CO. v. AMERICAN LOCOMOTIVE CO.

(District Court, D. Rhode Island. March 19, 1914.)

No. 24,

PATENTS (§ 328*)—INFRINGEMENT—WHEEL TIRES.

The Stillman patent, No. 666,571, for an improvement in wheel tires, *held* not infringed by a tire involving an annular metal ring between two rubber tires, not intended for use on a rail.

In Equity. Bill by the Dual Tired Wheel Company against the American Locomotive Company. Decree for defendant.

Horatio E. Bellows, of Providence, R. I., for complainant.

J. Snowden Bell, of New York City, and Edwards & Angell, of Providence, R. I., for defendant.

BROWN, District Judge. The bill charges infringement of letters patent No. 666,571, January 22, 1901, to Herbert L. Stillman, for improvement in wheel for vehicles. The single claim of the patent is:

"A car or carriage wheel having a pair of parallel rubber tires separated by a central metal tread."

The specification states that the improvement is intended more particularly for the automobile coaches operated on light rails. In describing the drawings it is said:

"*aa* show rubber tires; *b* shows central steel tire; *c* shows center bearing rail."

The specification also says:

"In operation I place on the wheel a steel tire having a central steel tread with a channel on each side for the reception of the rubber tires. Said rubber tires are intended to run on the trams of the rail, and with light loads the rubber tires only come in contact with the rail. With heavier loads these flatten, so as to bring in contact the central steel tire on the head of the rail, limiting the weight on the rubber tires. It will thus be seen that the advantages of the rubber in adhesion to the tracks, preventing wear of the rails, and avoiding concussions, are secured, and that heavy loads may be carried, and that these wheels may be run on ordinary highways, the concavity in the face of the wheel tending to prevent settling in soft roads."

The defendant's wheel contains a pair of parallel rubber tires between which is an annular metal member which is three-quarters of an inch wide, and which assists in retaining the parts in place and in maintaining the two tires, between which it is interposed, at a determined and proper distance apart. This annular metal member or ring is at a considerable distance below the bearing surfaces of the rubber tires.

Upon the face of the drawing this annular metal member does not seem adapted to serve the function of a central metal tread, and there is no evidence that in actual operation the material of the rubber tires would be likely to be so compressed as to bring this annular metal member in contact with a rail or other surface.

It is not claimed that the defendant's wheel is used in conjunction with a rail, or serves as a central steel tire running upon a rail.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The complainant relies upon the statement in the specification that these wheels may be run on ordinary highways, the concavity in the face of the wheel tending to prevent settling in soft roads.

Upon the face of the exhibit there is doubt whether the defendant's wheel, if sunk into a soft road to such depth as to bring the metal ring in contact with the surface of the road, would, by reason of a metal surface of some three-quarters of an inch, have any practical or useful tendency to prevent settling.

The prior art, however, discloses wheels having two parallel tires separated by an annular tire which would afford a bearing surface in case the two parallel tires should sink into a soft road. The British patent, No. 2,500, of 1871, to Sellars, shows in figure 11 wheels formed with grooves and made of considerable width of tire, so that they can be used on rails or drawn over soft roads. British patent, No. 1,189, of 1880, to Wedekind, is for "a combination of rail and wheel for railways and common roads alternately." The wheel is made with a groove having a flange on each side, made sufficiently wide to permit the use of the wheel on roads not provided with rails. United States letters patent to Krajewski, No. 289,421, relates particularly to vehicles adapted for travelling the ground or along rails. The wheels have wide treads, circumferential grooves and flanges, the grooves being sufficiently wide to fit upon ordinary railway rails. In these patents rubber was not used; but the prior art shows also wheels having two rubber tires separated by a metal ring not used as a tread. United States letters patent to Libbey, No. 560,509, Carmont, No. 597,313, Esty, No. 662,594; also British patent to Lloyd, No. 14,885, of 1891, which shows a bicycle tire having three grooves of semicircular section, the middle groove empty, but the grooves on each side of the center groove are provided with rubber. This central groove seems fully as well adapted to serve as a bearing surface in case the rubber tires should sink into soft ground as the narrow metal part of defendant's wheel.

Upon a fair construction of the patent in suit the element known as a central metal tread must be adapted to use upon a rail. The defendant's wheel is not adapted for such use, and is not so used.

The use of parallel tires with an intermediate surface tending to prevent settling in soft roads did not, in view of the prior art, constitute a patentable novelty at the date of the patent in suit. Unless the claim be limited to a wheel with parallel rubber tires having a central tread adapted for use upon a rail, the claim is, in my opinion, invalid. Whether, in view of its broad language, it can be so limited, and whether, when so limited, it is valid, we need not decide.

The complainant has failed, in my opinion, to show infringement.

The bill will be dismissed, and a draft decree may be presented accordingly.